UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO EDROSA,<br><br>        Plaintiff,<br><br>v.<br><br>DR., JOHN K. CHU,<br><br>        Defendant. | Case No.: 19cv88-CAB-MDD<br><br>**ORDER REGARDING REQUEST FOR PLAINTIFF TO BE ABLE TO FILE HIS REQUESTED AMENDED COMPLAINT [Doc. No. 27]** |

On January 12, 2019, Plaintiff Bernardo Edrosa ("Plaintiff"), formerly incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. §1983. [Doc. No. 1.] On April 29, 2019, Defendants J. Chau, California Department of Corrections and Rehabilitation, erroneously sued as Richard J. Donavan Correctional Facility, G. Casian, P. Jayasundara, and F. Sedighi ("Defendants") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 11.] On July 2, 2019, Plaintiff filed a motion for leave to file amended complaint and request for 90 day extension. [Doc. No. 16.] On July 5, 2019, this Court granted Plaintiff's motion for leave to file amended complaint and gave Plaintiff until September 9, 2019 to file a First Amended Complaint ("FAC"). [Doc. No. 18.] Plaintiff was warned that failure to file

the FAC by September 9, 2019 would result in a dismissal of the case without further court order. Therefore, <u>as of September 9, 2019, this case has been dismissed</u>.

On September 18, 2019, Plaintiff filed a motion for extension of time requesting further time to file an opposition to the motion to dismiss. [Doc. No. 19.] However, when the Court granted Plaintiff's motion to amend the complaint on July 5, 2019, the motion to dismiss became moot. Therefore, given there is no pending motion to dismiss, the motion for extension of time was denied as moot. [Doc. No. 20.]

On October 23, 2019, Plaintiff filed a motion for reconsideration of the motion for extension of time to file an opposition to the motion to dismiss. [Doc. No. 22.] The Court again explained to Plaintiff that there was no pending motion to dismiss, and denied the motion for reconsideration. [Doc. No. 23.]

On November 15, 2019, Plaintiff filed a Motion Requesting that the Court Forward a Copy of the Defendants Dispositive Motion so that the Plaintiff May Respond in Accord with Fed. R. Civ. P. §60(b). [Doc. No. 23.] Given that, at the time the case was closed, there was no pending dispositive motion, the motion for copies of that motion was denied and the case remained dismissed due to Plaintiff's failure to file a First Amended Complaint. [Doc. No. 26.]

On November 25, 2019, Plaintiff filed a Request for the Plaintiff to be Able to File his Requested Amended Complaint. [Doc. No. 27.] Plaintiff now appears to recognize that what he needed to file all along was a First Amended Complaint, not an opposition to the motion to dismiss. Therefore, although the case has been closed for three months, the Court will provide Plaintiff with a **FINAL** opportunity to file a First Amended Complaint. Plaintiff shall have until **<u>January 6, 2020</u>** to file a First Amended Complaint. If a First Amended Complaint is not filed by January 6, 2020, the case **SHALL REMAIN CLOSED.**

Plaintiff is reminded that his First Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR

15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated: December 11, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge