UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BERNARDO EDROSA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN K. CHAU, Medical Doctor; et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19cv88-CAB-DEB<br><br>**ORDER DETERMINING THAT IN FORMA PAUPERIS STATUS SHOULD NOT CONTINUE ON APPEAL [Doc. No. 60]** |
|---|---|

　　　Plaintiff Bernardo Edrosa is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case brought under 42 U.S.C. § 1983.  On September 11, 2020, this Court issued an order granting Defendant's motion to dismiss the First Amended Complaint [Doc. No. 55], and judgment was entered accordingly [Doc. No. 56].  On October 2, 2020, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  [Doc. No. 57.] On October 5, 2020, the Ninth Circuit issued a Referral Notice, referring the matter to this Court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.  [Doc. No. 60.]  Having thoroughly reviewed the matter, the Court **DETERMINES** that the appeal is not taken "in good faith," and in forma pauperis status should not continue on appeal.

A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. *See* Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

Plaintiff is appealing this Court's order granting Defendant's motion to dismiss the First Amended Complaint ("FAC"). [Doc. No. 55.] The gravamen of Plaintiff's FAC is an Eighth Amendment claim under 42 U.S.C. §1983 based upon the medical treatment he received in prison for his Hepatitis C. However, Plaintiff concedes that Defendant Chau treated him pursuant to CCHCS criteria for the treatment of Hepatitis C. [Doc. No. 55 at 6-7.] Plaintiff's allegations, therefore, amount to a difference in medical opinion only, and fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hollis v. Director of Corrections*, 560 F.Supp.2d 920, 926-927 (C.D. Cal. 2008).[1] Plaintiff's other claims also fail to state a claim for the reasons set forth in this Court's order. [*See* Doc. No. 55 at 8-10.] Therefore, this Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal would not be taken "in good faith," and *in forma pauperis* status should not continue on appeal.

The Court **DIRECTS** the Clerk to notify Plaintiff and the Ninth Circuit Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4). Plaintiff

---

[1] Plaintiff admits that he is using this lawsuit to challenge the CCHCS criteria [Doc. No. 53 at 3], which were established by a federal receiver in the ongoing class action of *Plata v. Schwarzenegger ("Plata")*, No. C01-1351 THE, 2005 WL 2932253, at *1 (N.D. Cal. Oct. 3, 2005). Plaintiff's challenges to those criteria should be addressed in the *Plata* litigation, not collaterally attacked here. *See Pride v. Correa*, 719 F.3d 1130 (9th Cir. 2013).

may file a motion for leave to proceed IFP on appeal in the Ninth Circuit Court of Appeals within thirty (30) days after service of the notice of this Order as prescribed in the Federal Rules of Appellate Procedure.  *See* Fed. R. App. P. 24(a) (5).

**IT IS SO ORDERED.**

Dated:  October 6, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge